UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSEPH ANTHONY WASHINGTON,

    Petitioner,

v.

JOAN FABIAN, DOC Commissioner,

    Respondent.

Civil No. 08-1471 (DWF/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief does not challenge the validity of the criminal conviction or sentence that caused him to be incarcerated. Instead, he claims that respondent has misinterpreted and misapplied Minnesota state law governing his supervised release from prison. As a result, petitioner contends, respondent is now detaining him, (and intends to continue to detain him), beyond his proper release date, in violation of his rights under the federal Constitution.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

However, it appears on the face of petitioner's submissions that he has not presented his current federal constitutional claims to the Minnesota state courts. (Petition, [Docket No. 1], p. (3), ¶ 10.) Because petitioner has not exhausted his state court remedies for those claims, they cannot be entertained in federal court at this time.

**II.     DISCUSSION**

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking habeas relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4 of the Governing Rules.

In this case, there is a remedy available to petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition filed in state court. This remedy is

2

provided by Minn.Stat. § 589.01, which states that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint."

Under this statute, a person who claims to be wrongfully detained by Minnesota state authorities, (but who is not directly challenging a criminal conviction or sentence), can bring a habeas corpus action in state court.  Thus, a Minnesota prison inmate who believes that he is being illegally detained beyond his proper release date can seek relief in state court under § 589.01.  See Kelsey v. State, 283 N.W.2d 892, 894-95 (Minn.App. 1979) ("state habeas corpus is an appropriate remedy" for "reviewing allegations of failure of parole authorities to follow applicable statutory and constitutional principles"); see also Harju v. Fabian, No. A05-1820 (Minn.App. 2006), 2006 WL 2255898 (unpublished opinion) at * 1 ("[a]n offender whose conditional release has been revoked may seek review of the revocation by petitioning the district court for a writ of habeas corpus... [and a] denial of a writ of habeas corpus may be directly appealed").

Thus, if petitioner believes that respondent has misinterpreted and misapplied Minnesota law governing his release date, and he believes that he is being wrongly detained as a result of respondent's alleged errors, he can seek relief under Minn.Stat. § 589.01.  See State ex rel. Melin v. Fabian, No. A07-355 (Minn.App. 2007), 2007 WL 1532222 (unpublished opinion), rev. denied, Aug. 7, 2007 (Minn.Stat. § 589.01 used to challenge a decision by the Hearings and Release Unit ["HRU"] of the Minnesota Department of Corrections regarding a prisoner's release date); Truelson v. Fabian, No. A08-0137 (Minn.App. 2008), 2008 WL 933543 (unpublished opinion) (same); Walker v. Fabian, No. A06-405 (Minn.App. 2007), 2007 WL 823850 (unpublished opinion) (same).

Furthermore, if petitioner is not granted relief under § 589.01 at the state trial court level, he can seek further review of his claims in the Minnesota Court of Appeals, and, if necessary, in the Minnesota Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. 117.

Petitioner has not shown, (or even suggested), that the federal district court is better suited than the Minnesota state courts to entertain and decide his current claims for relief. The state courts are fully capable of correctly resolving petitioner's constitutional claims, and must be given the first opportunity to do so. See Wade v. Mayo, 334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). Thus, the Court finds no reason to excuse petitioner from the exhaustion of state court remedies requirement.

### III. CONCLUSION

Because petitioner has failed to satisfy the exhaustion of state court remedies requirement, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. However, it will be recommended that the action be dismissed without prejudice, so that petitioner can later return to federal court, (if necessary), after he has exhausted his state court remedies for every claim that he seeks to raise in federal court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[2]

---

[2] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Finally, because the Court has determined that the present action must be summarily dismissed due to non-exhaustion, it will also be recommended that petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### IV.   RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.   Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.   Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.   This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated:   June 2, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 19, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those

---

If petitioner returns to the state courts, he should also make sure that each constitutional claim presented to the state courts is clearly identified and explained.  (This admonition is prompted by the confusing explication of the grounds for relief presented in the current petition.)

5

portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.